IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06MC408-MU

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NATIONAL ASSOCIATION FOR | ) | |
| STOCK CAR AUTO RACING., *et al.* | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Compel Against Third Party Speedway Motorsports, Inc. (Document #1). Specifically, Plaintiff seeks an Order compelling Speedway Motorsports, Inc. ("SMI") to produce the 25 categories of documents described in exhibit 3 to Plaintiff's Motion to Compel. Plaintiff is suing Defendants in an antitrust action currently in the Eastern District of Kentucky. SMI is a third party in that action.

"Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents." *Highland Tank & Mfg. Co. V. PS Intern., Inc*., 227 F.R.D. 374, 379 (W.D. Pa. 2005). A court may quash or modify a subpoena if it is overly broad or if it seeks confidential material. *See* Fed. R. Civ. P. 45(c)(3)(B).

In this case, Kentucky Speedway's requests for information are not overly broad. Kentucky Speedway is seeking to determine the extent of SMI's relationship with International Speedway Corp. (ISC), one of the defendants. *See* Plaintiff's Motion to Compel, page 7. Such

1

exploration is relevant to an antitrust suit.

In such a case where compliance with a subpoena would require the divulgence of proprietary information, a court can modify the subpoena with a protective order. Fed. R. Civ. P. 45(c)(3)(A).

Speedway's concerns about the proprietary nature of the requested documents are valid. However, a protective order currently exists in this case that limits any document's exposure to attorney eyes only. *See* exhibit 9 to Plaintiff's Motion to Compel. Thus, Speedway can be assured that any proprietary information gathered through discovery will be protected.

If the subpoena applies to someone who is not a party in the case, the court may order the moving party to pay reasonable expenses. Fed. R. Civ. P. 45(c)(3)(B)(iii). Here, Kentucky Speedway has offered to pay reasonable fees in order for SMI to comply with their discovery requests.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff will pay reasonable expenses associated with SMI's compliance with the subpoena.

Accordingly, Plaintiff's Motion to Transfer is hereby moot.

Signed: November 29, 2006

*Graham C. Mullen*
Graham C. Mullen
United States District Judge